**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| AMANDA WILCOX, | |
| Plaintiff, | |
| vs. | CIVIL ACTION NO.: 21-440 |
| EDDIE BOY'S FRANCO'S RESTAURANT, EDWARD WOERNER, and EDWARD WOERNER ENTERPRISES, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**COMPLAINT**

## I.    JURISDICTION AND VENUE

1)    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343(a)(4), 1367(a), 2201 and 2202, 42 U.S.C. Section 2000e *et seq.*  This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Section 2000e *et seq.* ("Title VII") and the state laws of Alabama.  The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. Section 2000e *et seq.*, and providing for injunctive and other relief against sex discrimination, a sexually hostile work environment, *quid pro quo* sexual harassment, and retaliation.  The Court's supplemental jurisdiction is invoked, pursuant to 28 U.S.C. § 1367(a), over the related state law claims forming part of this same case and controversy.

1

2) The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII.  She timely filed charges of sex discrimination and retaliation against Defendants Eddie Boy's Franco's Restaurant and Edward Woerner Enterprises within 180 days of the last discriminatory act.  The Plaintiff timely files this suit within 90 days of receipt of her right-to-sue letters from the Equal Employment Opportunity Commission (EEOC).

3) Venue is proper in the Southern District of Alabama pursuant to 28 U.S.C. § 1391(b), 42 U.S.C. § 2000e-5(f)(3), and Ala. Code §§ 6-3-2(a)(3), 6-3-7(a) because Defendants have committed unlawful employment practices and other unlawful acts in this District and the Plaintiff worked and would have continued to work for Defendants in this District but for the unlawful conduct.

4) The Plaintiff requests a trial by jury on all issues pursuant to 41 U.S.C. § 1981a.

## II.  PARTIES

5) Plaintiff Amanda Wilcox is a citizen of the United States, is over the age of nineteen, and is a resident of the Southern District of Alabama.  The plaintiff was employed by Defendant Eddie Boy Franco's Restaurant (hereinafter, "Franco's") from 2019 to 2020. Franco's is an entity subject to suit under Title VII, having employed at least fifteen (15) persons, including Plaintiff Wilcox, in 2019 and 2020 in Baldwin County, Alabama.

6) Defendant, Edward Woerner Enterprises (hereinafter, "EWE") is, upon information and belief, a corporation which did business in the Southern District of Alabama at all times pertinent to this Complaint.  It is the parent entity under which all of Defendant Edward Woerner's various organizations operate.  It is an entity subject to suit under Title VII, having employed at least fifteen (15) persons in 2019 and 2020 in Baldwin County, Alabama.

7) Defendant, Edward E. Woerner, is, upon information and belief, a citizen of the United States, is over the age of nineteen, and is a resident of the Southern District of Alabama. Defendant Woerner, upon information and belief, was the owner of Franco's and EWE at all times relevant to this complaint and remains the owner of EWE.

### III.     STATEMENT OF FACTS

8) **Plaintiff Amanda Wilcox** was employed by Franco's Restaurant in Orange Beach, Alabama as a bartender from approximately October 2019 until January 2020.

9) Nearly every shift she worked at Franco's, its owner, Defendant Edward "Eddie Boy" Woerner, would come and sit at the bar.

10) Mr. Woerner sexually harassed Wilcox almost constantly. While she was bartending, he would compliment her looks and body, and he would frequently discuss sex. He showed her pictures of naked women on his phone and compared her body to theirs.

11) Woerner also hugged Wilcox, and then began rubbing her breasts at the conclusion of the hugs. Wilcox consistently pushed his hands away and told him to stop. He continued, at least several times per week, to touch her breasts and also her buttocks.

12) Woerner frequently asked Wilcox for sex, discussed the size of his penis, and told Wilcox about the "little pills" he was taking.

13) Wilcox consistently and repeatedly told Woerner that she did not want to have sex with him.  He also asked her to kiss him; she refused.

14) Woerner owns several businesses under the parent entity of EWE, and soon after she began working at Franco's, he began to recruit Wilcox to work for an EWE venture he was starting in California, Wilcox's home state.  The venture was related to Woerner's organic

farming and agricultural interests. Wilcox and Woerner had many discussions and meetings about her joining this new venture. Woerner told Wilcox that she would be his liaison in California, living there six months out of the year and in southern Alabama for the remaining six months of the year.

15) Wilcox was supposed to start this new position with EWE in or around February or March, 2020.

16) However, on approximately January 13, 2020, Woerner again asked Wilcox if she wanted to see his penis in the midst of yet another sexually charged conversation. Ms. Wilcox loudly and forcefully told him that she would never have sex with him, that he was being inappropriate, and that he needed to stop.

17) Woerner responded that he thought Wilcox was "smarter than that. I take care of you, you take care of me," or words to that effect.

18) Shortly thereafter, there was a new bartender at Franco's whom Wilcox was instructed to train.

19) At the conclusion of the new bartender's training, on January 28, 2020, Wilcox was terminated from Franco's.

20) The position she had been promised by Woerner with EWE was also withdrawn.

21) As a result of Defendants' actions, Ms. Wilcox suffered extreme harm.

## IV.    STATEMENT OF CLAIMS

### COUNT ONE

*Title VII Discrimination and Retaliation*

22) Plaintiff realleges each and every allegation set forth in paragraphs 1-21 above with the same force and effect as though fully set forth hereinbelow.

23) Defendants Edward Woerner and Franco's willfully and maliciously subjected the Plaintiff to a hostile work environment based on her sex, thereby discriminating against her on the basis of sex with respect to the terms, conditions, and privileges of her employment.

24) The creation of a sexually hostile work environment for Plaintiff was unwelcome and was sufficiently severe and/or pervasive to adversely affect the terms and conditions of her employment.

25) Defendant Franco's knew or should have known of the hostile work environment to which Plaintiff was subjected and did not take effective preventative action or prompt effective remedial action.

26) Plaintiff repeatedly rejected Woerner's sexual advances and repeatedly stated her refusal to engage in sexual activity with Woerner.

27) Plaintiff's rejection of Woerner's sexual advances resulted in tangible work actions against her, including the termination of her employment with Franco's and the withdrawal of her employment offer with EWE.

28) Defendants Woerner, Franco's, and EWE retaliated against Plaintiff for protesting and objecting to her sexually hostile work environment and refusing Woerner's sexual advances in the terms, conditions and benefits of her employment, including her termination from Franco's and the withdrawal of Woerner's offer to employ Wilcox in EWE's new organic farming venture.

29) The creation of the sexually hostile work environment and other retaliation was done maliciously, willfully, and with reckless disregard for the rights of the Plaintiff.

30) Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunction relief, and compensatory and punitive damages is her only means of securing adequate relief.

31) Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT TWO

### *Assault and Battery*

32) Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 31 as fully set forth herein.

33) This is a claim arising under the laws of the State of Alabama to redress Defendant Woerner's assault and battery against the Plaintiff and the ratification of that conduct by Defendants Franco's and EWE.

34) Defendant Woerner tortiously assaulted and battered Plaintiff by intentionally subjecting her to harmful, rude, and unwanted touching as described above. These acts were participated in, condoned, authorized, and/or ratified by the Defendants Franco's and EWE. As the owner of both Franco's and EWE, Woerner and thus the entities he owned had actual knowledge of the tortious conduct and failed to take adequate steps to remedy the situation. Defendants. Franco's and EWE are directly liable for the acts of their agent, Woerner.

35) As a direct and proximate result, Plaintiff has suffered extreme harm, including great emotional distress, for which she claims compensatory and punitive damages from the Defendants.

## COUNT THREE

*Invasion of Privacy*

36) Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 35 as fully set forth herein.

37) This is a claim arising under the laws of the State of Alabama to redress violations by Defendant Woerner of the Plaintiff's right to privacy and the ratification of that conduct by Defendants EWE and Franco's.

38) Defendant Woerner intentionally and unlawfully intruded upon the Plaintiff's physical solicitude or seclusion as set forth above.  These acts were participated in, authorized, condoned, and/or ratified by the Defendants.  Defendants also had actual and/or constructive knowledge of the tortious conduct and failed to take adequate steps to remedy the situation.  Defendants Franco's and EWE are directly liable for the acts of their agent, Woerner.

39) As a direct and proximate result, Plaintiff suffered extreme harm, including great emotional distress, for which she claims compensatory and punitive damages.

## V.   PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully request this Court to grant the following relief:

1. Accept jurisdiction of this case and allow an appropriate period of discovery;

2. Enter an order and judgment including the following:

(a) A declaratory judgment that Defendants Franco's and EWE's employment practices complained of hereinabove are unlawful and have violated and continue to violate the Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.*, and the laws of the State of Alabama;

(b) Granting Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys, other representatives, and all those acting in connection with the Defendants and at the Defendants' instruction, from continuing to violate Title VII of the Civil Rights Act of 1964, as amended, and the state laws of Alabama;

(c) Subsequently entering an appropriate judgment, including, without limitation, the following elements of relief which will require the Defendants to make the Plaintiff whole by granting appropriate declaratory relief; reinstatement into the position she would have occupied but for the unlawful acts of discrimination and retaliation and/or front pay; back pay; interest on back pay; payment or provision of fringe benefits; compensatory damages; offers of promotion; punitive damages; and an award of costs, attorneys' fees, and expenses;

(d) Enter an Order requiring Defendants to make Plaintiff whole by awarding her the compensatory, punitive, special, and/or nominal damages to which she is entitled as a result of the Defendants' violations of Alabama State law;

(e) Such other relief and benefits as the cause of justice may require.

**PLAINTIFF RESPECTFULLY REQUESTS TRIAL BY JURY.**

Respectfully submitted this 13th day of October, 2021,

*/s/ Abby M. Richardson*
ABBY M. RICHARDSON (RICHA3209)

*Attorney for PLAINTIFF AMANDA WILCOX*

**OF COUNSEL:**
**RICHARDSON LAW FIRM, LLC**
22765 US-98, Suite A-1
Fairhope, Alabama 36532
Telephone: (251) 338-1695
Facsimile: (251) 517-7253
Email: abby@richardsonlawllc.com